UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**10 CA 12228 WGY**

CHAMPION EXPOSITION SERVICES LLC,  )
      Plaintiff, )
                     )
            v.              )      Civil Action No. _____
                     )
NEXXT SHOW, LLC         )
      Defendant.      )
                     )

### *EX PARTE* TEMPORARY RESTRAINING ORDER

This matter comes before the Court on motion of Champion Exposition Services LLC ("Champion") for consideration of Plaintiff's Motion for an *Ex Parte* Temporary Restraining Order against Defendant Nexxt Show, LLC ("Nexxt") pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Based upon the Complaint, motion, supporting memorandum of law, declarations , ~~the evidence, argument and other materials presented at hearing~~, and all of the proceedings heretofore had herein, and good cause appearing therefore the Court makes the following Findings and enters the following Orders:

### Findings

1. The court has jurisdiction over this case and venue is proper in that Defendants all reside in this District.

2. All conditions precedent to the entry of this relief have been satisfied. Valid grounds for an *Ex Parte* Temporary Restraining Order have been established.

~~3.~~ Champion has a reasonable likelihood of success on the ~~merits of its claim that~~ Defendant Nexxt violated the ~~Computer Fraud and~~ Abuse Act and Massachusetts law. Champion ~~has and will~~ continue to suffer irreparable harm and injury for this conduct, ~~for which~~ it has no

adequate remedy at law, if this injunctive relief is not issued. Upon consideration of these factors,

the harm Nexxt may suffer if injunctive relief is granted, the public interest and all of the legally

required considerations, the Court determines that this Order should be entered and this equitable

relief should be granted.

## Orders

### IT IS HEREBY ORDERED,

(1) that Nexxt, its agents, servants, employees, and all persons and companies who act in concert or participation with them who receive actual notice of this Order, are herby enjoined from accessing Champion's computers or using and/or disclosing in any way any property or confidential information or trade secrets of Champion, including information contained in Champion's documents, computer programs and files, spreadsheets and databases and any other information obtained from Champion;

(2) that Nexxt, its agents, servants, employees, and all persons and companies who act in concert or participation with them who receive actual notice of this Order, are hereby prohibited from deleting any information or documents from Nexxt's computer systems or destroying any documents in Nexxt's possession until further order of the Court;

(3) that a computer specialist designated by Champion and a Champion representative and Champion's counsel, under the supervision and authority of the United States Marshal, shall enter the premises of Nexxt, obtain access to the computer system of Nexxt, and make a copy of any devices containing electronically stored information (ESI), including but not limited to laptops, desktops, servers, removable media, and backup storages and deliver the same to the United States Marshal to be held by the United States Marshal subject to further order of the Court, and that Defendant Nexxt shall provide all cooperation and assistance to enable said copies to be made.

IT IS FURTHER ORDERED, that arguments shall be heard in Courtroom _18_ of the

_5TH_ floor of the United States District Court for the District of Massachusetts at _10:00_

a.m./p.m. o'clock _Dec. 27_ , 2010 on Plaintiff's Request for a Preliminary Injunction pursuant

to Rule 65 of the Federal Rules of Civil Procedure preliminarily restraining Defendant, Nexxt, its

agents, servants, employees, and all those who act in concert or participation with them who

receive actual notice thereof, from accessing, using or disclosing property, confidential information or trade secrets of Champion, deleting any documents or information from Nexxt's computer systems or destroying any documents pending the trial and determination of this action or until further Order of the Court.

This Order shall be binding upon Nexxt, its agents, and all persons who act in concert or participation with them who receive actual notice of this Order.

ISSUED AT: *Boston*

   *2:07*_____ a.m./p.m. o'clock

December *23*, 2010

William G. Young
Justice, United States District Court *Judge*