```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

                                              Civil Action
                                              No. 10-12228-WGY


     * * * * * * * * * * * * * * * * * *
     CHAMPION EXPOSITION SERVICES LLC,    *
     WCP EXPOSITION SERVICES              *
     OPERATING COMPANY LLC; and WCP       *
     EXPOSITION SERVICES HOLDING          *
     COMPANY LLC,                         *
                                          *
              Plaintiffs,                 *
                                          *
     v.                                   *    HEARING
                                          *
     NEXXT SHOW, LLC; MARK EPSTEIN;       *
     MATTHEW EPSTEIN; JOHN SZYMCZAK;      *
     SUSAN DOS REIS; SHERI RYDER; ANITA   *
     BOTA; MICHAEL HALL; VICKY BASSETT    *
     and NICOLE PREFONTAINE,              *
                                          *
              Defendants.                 *
                                          *
     * * * * * * * * * * * * * * * * * *


              BEFORE:   The Honorable William G. Young,
                        District Judge

     APPEARANCES:

              JACKSON LEWIS LLP (By Erik J. Winton, Esq.
         and Brian M. Childs, Esq.), 75 Park Plaza, 4th
         Floor, Boston, Massachusetts 02116, on behalf of
         the Plaintiffs

              HINCKLEY, ALLEN & SNYDER LLP (By Michael J.
         Connolly, Esq. and Laura B. Angelini, Esq.), 28
         State Street, 30th Floor, Boston, Massachusetts
         02109, on behalf of All Defendants Except Michael
         Hall

                                              1 Courthouse Way
                                              Boston, Massachusetts

                                              February 25, 2011
```

1        **THE CLERK:** Calling Civil Action 10-12228, Champion
2   Exposition Services v. Nexxt Show.
3        **THE COURT:** Do we have counsel for both parties?
4        **MR. WINTON:** We do, your Honor.
5        **THE COURT:** Fine.  Would you identify yourselves?
6        **MR. WINTON:** Good morning, your Honor.  Erik Winton
7   from Jackson Lewis for all the plaintiffs.
8        **MR. CONNOLLY:** Good afternoon.
9        **THE COURT:** Well, let's stick with them, and I
10  apologize.
11       **MR. CHILDS:** Brian Childs, Jackson Lewis, all the
12  plaintiffs.
13       **THE COURT:** Thank you.
14       **MR. CONNOLLY:** Good morning, your Honor.  Michael
15  Connolly and Laura Angelini on behalf of all of the
16  defendants except one individual, Michael Hall.  We don't
17  represent Mr. Hall.
18       **THE COURT:** All right.  Have you got service on
19  Mr. Hall?
20       **MR. WINTON:** Yes, but we're not seeking injunctive
21  relief as to Mr. Hall.
22       **THE COURT:** All right. All right.  The Court
23  orders that further hearing on the preliminary injunction be
24  combined with trial on the merits under Rule 65(b).
25       When do you want to go to trial?

```
 1                MR. WINTON:  Your Honor, if I may be heard on that.
 2                This case, since we first came here, you may
 3      remember the day before Christmas Eve, on an ex parte TRO
 4      seeking --
 5                THE COURT:  Right.
 6                MR. WINTON:  -- forensic review of their computers.
 7                THE COURT:  Yes.  My question is a simple one.
 8                MR. WINTON:  Well, the case has grown since then,
 9      your Honor.  We did file an amended complaint.  There are
10      now ten defendants with 15 counts.
11                THE COURT:  I understand.
12                MR. WINTON:  And not all of the case, your Honor,
13      is related to injunctive relief.  There is a damages
14      perspective that we would need to do expert discovery on.
15                THE COURT:  I'm not clear why.  But when do you
16      want -- this idea of getting a leg up in a case and then
17      some day going to trial once you've gotten a leg up does not
18      commend itself to the Court.
19                Now, the Court sits to resolve disputes.  I am
20      prepared to engage my time and my full attention to resolve
21      this dispute.  You want injunctive relief.  I asked you when
22      you wanted to go to trial.  If you don't need it right away
23      take the discovery you want.  If you need it, issue
24      subpoenas and we'll start having evidence.
25                When do you want to go to trial was my question.
```

1     **MR. WINTON:** Your Honor --

2     **THE COURT:** I mean, I'll hear them, but I want to
3  know.  When?

4     **MR. WINTON:** Well, your Honor, with respect to this
5  specific injunctive relief, we could, we could go to trial
6  on Monday.

7     **THE COURT:** That's fine.  On the case?  You want to
8  break up the case.  I haven't said I'm breaking up the case.
9  You've brought this case.  Monday?  Monday's fine.

10    **MR. WINTON:** Monday's fine, your Honor, as to the
11 specific injunctive relief.

12    **THE COURT:** No, you've got to listen to what I say.

13    **MR. WINTON:** I do understand.

14    **THE COURT:** There will be trial on this complaint.
15 All defendants, all claims.  When?

16    **MR. WINTON:** Obviously, your Honor, we're not
17 prepared to go Monday as to all counts and all claims.

18    **THE COURT:** Well, when do you want to go?
19 Recognizing that I'm not disposed to give injunctive relief
20 until I've taken evidence and resolved the matter on the
21 basis of evidence rather than affidavits and things like
22 that.

23    **MR. WINTON:** Well, your Honor, Judge Stearns did
24 order the TRO against Nexxt.

25    **THE COURT:** I know he did.  And Judge Stearns is no

```
 1   doubt much better than I, and the TRO will remain in effect
 2   until it expires, which is today.
 3            When do you want to go to trial?  See, that's,
 4   that's -- you're between a rock and a hard place, and that's
 5   fine.  You say you want the immediate relief of this Court.
 6   I'm prepared to give you immediate, assuming you can prove
 7   it, immediate relief starting Monday, once I've heard them.
 8   What I'm not prepared to do is let you have it both ways.
 9   There's no reason, it seems to me, why this case, and I've
10   looked at these papers, can't be resolved by you subpoenaing
11   witnesses, getting them in here, subpoenaing the records,
12   getting them in here, and we'll sort this all out.
13            MR. WINTON:  Your Honor, with all due respect, that
14   would take a little bit of time you agree?
15            THE COURT:  I agree.
16            MR. WINTON:  Right.  But the problem is that if we
17   take that little bit of time the irreparable harm as to this
18   minor injunction that we're seeking will already, the time
19   will have already passed.
20            THE COURT:  I rather doubt it because they would be
21   proceeding at their peril.
22            MR. WINTON:  Well, your Honor --
23            THE COURT:  In view of the showing you've made.
24            MR. WINTON:  On Friday -- there's just two issues
25   on the injunctive relief we sought.  One of them was with
```

| | |
|---|---|
| 1 | the Yankee Dental Congress.  On Friday, Yankee Dental, and |
| 2 | both counsel agree, Yankee Dental is making its decision on |
| 3 | which person it's going, which company it's going to choose. |
| 4 | **THE COURT:**  Yes. |
| 5 | **MR. WINTON:**  It may very well choose the defendant |
| 6 | on Friday and they're going to start preparing for next |
| 7 | year's show on that -- |
| 8 | **THE COURT:**  If they -- if these people go |
| 9 | forward -- it takes two to have a contract, to have a |
| 10 | relationship.  If, based upon the showing that was made to |
| 11 | Judge Stearns, which I have reviewed, Yankee Dental chooses |
| 12 | them, and they accept that, they're doing that at their |
| 13 | peril, because this case is in the offing.  They are |
| 14 | required, it seems to me, to notify Yankee Dental of the |
| 15 | pendency of this case.  It goes to the, it goes to the |
| 16 | likelihood of relief.  Because I will have no hesitancy, |
| 17 | should you prove it, in cutting them off. |
| 18 | So, it seems to me -- this is a commercial dispute. |
| 19 | One, you ought to resolve it, but two, I'm prepared to |
| 20 | resolve it if you can't. |
| 21 | Now, my question's not a flippant one.  It was made |
| 22 | based upon both my experience and my review of these papers. |
| 23 | Knowing that I'm putting the case to trial, when |
| 24 | did you want to go to trial? |
| 25 | **MR. WINTON:**  Your Honor, just one point of |

1    clarification.  I will answer that question.  Is the Court
2    saying that if we were to have this hearing 30 or 60 days
3    from now that even if the client has, Nexxt has accepted a
4    bid and also has the other injunctive relief as to National
5    Apartment Association, has accepted their contract as well
6    and started working towards that, that the judge would still
7    order them to pull out even if the customer says, your
8    Honor, we're going to be hurt.
9          **THE COURT:**  Well, I am telling them right now that
10   they've got to make disclosure of this lawsuit.  Now, I can
11   only deal with cases and controversies.  So I can't make
12   threats or say I will do this or do that.  But I try to be
13   transparent.  I can't see why not.
14         When a lawsuit -- you know, back in the day I used
15   to advise companies and publicly held companies.  And when a
16   lawsuit was filed and it was of any significance you put
17   footnotes in your 10-K's and said we don't think this has
18   any merit, but here we're being sued for the whole enchilada
19   there.  You have to do that.
20         Now, these aren't publicly held companies, or at
21   least I don't think they are.  But I'm telling them right
22   now, they've got to make disclosure to these clients of the
23   pendency of this lawsuit.
24         Now, I've told them that.  Whatever else I do, I
25   do.  They proceed at their peril.  It's not going to change

1   anything if some customer jumps in here and it's in
2   violation of rights that you have already invoked from this
3   Court.
4           When do you want to go to trial?
5           **MR. WINTON:** Your Honor, if that's the case then I
6   think, I would like to confer with my client, but I'm
7   thinking we can have a trial in 90 days.
8           **THE COURT:** Ninety days.  All right.  So, this is,
9   we're almost up to March, so March, April, May, you want to
10  go to trial on the June running trial list.
11          **MR. WINTON:** Well, again, I would have to confer
12  with my client on this but I --
13          **THE COURT:** Well, it's -- no, no.  You represent
14  your client.
15          **MR. WINTON:** I do, your Honor.
16          **THE COURT:** And if I set a trial date it's set.
17  So, you want June.
18          **MR. WINTON:** Well, I would like to confer with my
19  client before I give you that date because -- I spoke with
20  them ahead of time and told them that this may be an issue
21  today.
22          **THE COURT:** Well, and in fact my practice is
23  well-known.  But I'm going to, I'm going to give you that
24  chance.  I'm going to give you that chance.  But he's
25  available, I take it?

```
 1              MR. WINTON:  Yes, availability is not an issue,
 2    it's just a question of -- yes.
 3              THE COURT:  Well, now, let's see if -- the
 4    defendant hasn't had a chance to talk at all.  He's talking
 5    about a June trial of the case.  What do you say?
 6              MR. CONNOLLY:  Your Honor, we would like to see a
 7    trial much sooner than that because the existence of this
 8    lawsuit is very damaging.
 9              THE COURT:  When do you want to go to trial?
10              MR. CONNOLLY:  Sixty days.
11              THE COURT:  Oh, I'm with you.  All right.  So now
12    the trial is on the May running trial list.  That doesn't
13    mean -- there may be cases older than you.  You know, you're
14    going on a running trial list.  I'm not giving you a fixed
15    date.  But yes.
16              So, May.  So now talk to your client -- I mean,
17    they have interests, too.  So, you can talk to your client,
18    but I don't see why it should go beyond May.  Now you'll all
19    have to start spending some real money and get ready.
20    That's all to the good, because we're going to resolve it.
21              Is there anything else I should do this morning?
22              MR. WINTON:  If I may be able to confer with my
23    client on that issue or --
24              THE COURT:  But suppose he says no.  Suppose he
25    says I want June.  They want May.  Because I've ordered them
```

```
 1    to make full disclosure to potential clients of the pendency
 2    of this lawsuit.  Now, that's an order of the Court.
 3    They'll do it.  That creates problems for them.  And they're
 4    entitled to get out from under as fast as possible.  So they
 5    say May.  May it is.
 6              Anything else I should do this morning?
 7              All right, it's on the running trial list for May.
 8    We'll have a final pretrial conference in April.  Without
 9    the necessity of running up any expenses, you answer in the
10    ordinary course, but I am assuming that all the material
11    averments of the complaint are denied.  It's open to you in
12    the ordinary course to file counterclaims and the like, all
13    of which I propose to put to trial in May.
14              Now, this I would like to know.  Do you want a jury
15    on this or not?  It's easier to schedule -- I would much
16    favor juries -- but it's easier to schedule if it's jury
17    waived.
18              So what's the plaintiffs' position?
19              **MR. WINTON:**  We are seeking a jury with this, your
20    Honor.
21              **THE COURT:**  Fine, it's a jury case.
22              **MR. WINTON:**  Could I just ask a question as to
23    counterclaims, obviously because we're going to be seeking
24    discovery if there are any.  We've just given them a 30 day
25    extension on that.  So, we're not -- discovery is going to
```

1    be almost half over before we even know what the
2    counterclaims are.
3            **THE COURT:** And I appreciate your courtesy.  And
4    since I'm doing an expedited schedule, I'm allowing you to
5    take that back, they'll answer and assert any counterclaims
6    in the ordinary course.
7            **MR. WINTON:** And discovery as well?
8            **THE COURT:** Discovery can begin immediately.
9            **MR. WINTON:** Thank you.
10           **THE COURT:** And I'll resolve any disputes about
11   that.
12           Yes?
13           **MR. CONNOLLY:** Could I get two points of
14   clarification, your Honor?
15           **THE COURT:** I'll try.
16           **MR. CONNOLLY:** One, I understand the Court to be
17   dissolving the TRO as soon as --
18           **THE COURT:** I'm not dissolving it.  It expires of
19   its own force ten days out, which is today.
20           **MR. CONNOLLY:** Understood.
21           And then as to the issue of answering in the
22   ordinary course, I understand that to mean the 20 day period
23   provided by the federal rules.
24           **THE COURT:** Yes.
25           **MR. CONNOLLY:** The reason, your Honor, for

1  requesting additional time, which counsel graciously
2  granted, was we contemplate a motion to dismiss as to a RICO
3  count.  We don't think this is a RICO case.  We'll answer as
4  to the remaining counts and assert any counterclaims within
5  the 20 day period.  But could we have the liberty of the
6  Court's indulgence to take 30 days to file a motion to
7  dismiss on the RICO count?
8          **THE COURT:**  I think that makes sense.
9          **MR. CONNOLLY:**  Thank you.
10         **THE COURT:**  Any problem with that?  Because I'm
11 allowing you to start discovery instantly.
12         **MR. WINTON:**  Right.  Because we don't know what
13 their counterclaims will be.  So, as long as they're -- I
14 think they're going to be due pretty soon.
15         **THE COURT:**  No, but what I'm hearing from you, and
16 believe me, I appreciate it, and I think you're doing fine
17 lawyering, you people are not at daggers drawn.  You're
18 trying to represent your clients.  I much appreciate your
19 courtesy in giving him an extension.  Now that I'm pressing
20 for a prompt trial, what he's asking is he'll answer and
21 counterclaim within 20 days.  He wants 30 days to formulate
22 and file a motion to dismiss as to your RICO claim.
23         You have no objection to that?
24         **MR. WINTON:**  Twenty days and thirty days from
25 service, not from today.  Right?

1    **THE COURT:** I think that --

2    **THE CLERK:** Yes.

3    **MR. WINTON:** Otherwise, I only have 30, 40 days to
4 do discovery on his counterclaims.

5    **THE COURT:** I think that's right. That's 20 days
6 and 30 days, from the date of service.

7    **MR. CONNOLLY:** I think we can do that, your Honor.

8    **THE COURT:** Fine. All right. Anything -- yes?
9 I'm with the defense. Anything else that I should be doing?

10   **MR. CONNOLLY:** No, your Honor.

11   **THE COURT:** And plaintiff?

12   **MR. WINTON:** Your Honor, we do have one concern and
13 this is related to the TRO in that we do have evidence that
14 the actual restraining order of Judge Stearns was already
15 violated.

16   **THE COURT:** Then it's open to you to make a motion
17 for sanctions, I would imagine. An order of the Court I
18 take with extraordinary seriousness. And that is a separate
19 piece because that's -- make a motion for contempt of the
20 Court's order.

21   **MR. WINTON:** Thank you, your Honor.

22   **THE COURT:** And I will hear it. Because you don't
23 get a jury on that.

24   **MR. WINTON:** No.

25   **THE COURT:** I'll hear and resolve that promptly.

| | |
|---|---|
| 1 | **MR. WINTON:**  Thank you, your Honor. |
| 2 | **THE COURT:**  Now, I praise your courtesy.  I hope |
| 3 | that extends to the wisdom that you will discuss a |
| 4 | resolution of this case.  It's up to you, but you really |
| 5 | should be. |
| 6 | And again, you know my practices.  Should the case |
| 7 | resolve, a simple phone call to Ms. Smith is all that's |
| 8 | required and you may write your own ticket then as to what |
| 9 | you want to put on the record and the like and we'll give |
| 10 | you whatever time you want and these orders will go into |
| 11 | abeyance.  Don't ever make that phone call unless it's |
| 12 | really settled because if it becomes unwound I'll be very |
| 13 | sticky. |
| 14 | **MR. WINTON:**  Your Honor, there's one other issue. |
| 15 | If March 4th comes and Nexxt is not chosen for the bid then |
| 16 | we would not be seeking injunctive relief anymore because it |
| 17 | would be moot. |
| 18 | **THE COURT:**  The order stands, because I have the |
| 19 | power of moving it up promptly, and I am a great fan of |
| 20 | prompt trials. |
| 21 | **MR. WINTON:**  Thank you, your Honor. |
| 22 | **THE COURT:**  All right.  We'll recess. |
| 23 | **THE CLERK:**  All rise.  Court is in recess. |
| 24 | (Whereupon the matter concluded.) |
| 25 | |

```
                        C E R T I F I C A T E
```

     I, Donald E. Womack, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

```
              /S/ DONALD E. WOMACK  2-25-2011
              _____
                     DONALD E. WOMACK
                   Official Court Reporter
                      P.O. Box 51062
               Boston, Massachusetts 02205-1062
                    womack@megatran.com
```